# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE RENE MARTINEZ SILVA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. CIV-26-1773-R ) |
| MARKWAYNE MULLIN, et al., | ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Jamie Rene Martinez Silva, a noncitizen and Mexican national in Immigration & Customs Enforcement (ICE) custody, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Petitioner filed a motion for stay of removal pending resolution of petition for writ of habeas corpus, or in the alternative, for a temporary restraining order (TRO). Doc. 5. Also before the Court is Petitioner's motion to expedite consideration of the motion for stay of removal/TRO. Doc. 6. Given the time-

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

sensitive nature of Petitioner's motions, the undersigned has promptly prepared a Report and Recommendation before ordering a response from Respondents.

For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion for stay of removal/TRO and deny as moot Petitioner's motion to expedite.

## I.    Analysis.

Under Rule 65(b)(1), a court may only grant a motion for a TRO without notice if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). In a declaration attached to his motion and made pursuant to 28 U.S.C. § 1746, Petitioner's counsel details his calls made to ICE officers. *See* Doc. 5, Ex. 1. In those calls, Petitioner's counsel discussed with ICE his client's pending removal from the United States and notes that he informed ICE's agents of Petitioner's membership in the ICWC[2] class and that he thereafter submitted

---

[2]    In *Immigr. Ctr. for Women and Children* v. Noem, --- F.R.D. ----, 2026 WL 1455004, at *46-47 (C.D. Cal. May 20, 2026), the Central District of California granted class certification to a class of plaintiffs, consisting of ICE detainees with pending applications for immigration benefits, including U Visa applications. The ICWC court also enjoined ICE's implementation of a new policy promulgated in 2025, which repealed previous agency policies regarding apprehension and detention of noncitizens with pending U Visa petitions. *Id.*

a stay of removal to the Board of Immigration Appeals (BIA). The undersigned finds Petitioner's declaration satisfies Rule 65(b)(1)'s notice requirement.

"The issuance of a temporary restraining order is a matter that lies within the discretion of the district court." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2023). The procedure and standards for determining whether to issue a TRO mirror those for a preliminary injunction. *See Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001).

"The Court may enter a TRO or preliminary injunction if (1) Petitioner is substantially likely to succeed on the merits; (2) Petitioner will suffer irreparable injury if the injunction is denied; (3) Petitioner's threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) the injunction would not be adverse to the public interest." *Tewelde v. Blance*, No. CIV-26-744-PRW, 2026 WL 1122375, at *1 (W.D. Okla. Apr. 24, 2026). "As the movant, Petitioner bears the burden to establish that each of these factors tip in his favor." *Id.* And "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the

rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

The undersigned first addresses Petitioner's likelihood of success on the merits. Petitioner maintains that his petition "raises substantial and colorable claims, including that [he] is a member of the ICWC Pending Petition Class and is therefore entitled to the protections recognized in that litigation, and that [he] has a pending [Violence Against Women Act (VAWA)]-based petition . . . that bears directly on his removability and eligibility for relief." Doc. 5, at 4.

At bottom, Petitioner seeks a stay of removal while his habeas petition is pending. Section 1252(g) bars district courts from "hear[ing] any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the [Secretary of the Department of Homeland Security (DHS)] to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under [Chapter 12 of the Immigration & Nationality Act (INA)]." 8 U.S.C. § 1252(g). Thus, the Court must review whether Petitioner's habeas claims are "connected directly and immediately with a decision or action" by DHS to "commence proceedings, adjudicate cases, or execute removal orders." *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010).

Petitioner does not dispute that he has a final order of removal, *see* Doc. 1, at 6, and granting Petitioner's TRO motion would enjoin Petitioner's

4

upcoming removal to Mexico or another third country, which directly relates to decisions to execute removal orders. *See, e.g., Valdovinos-Blanco v. Holder,* 557 F. App'x 793, 794 (10th Cir. 2014) (noting the court is "unaware of any statutory or common-law authority permitting [a federal court] to intervene in an alien's [ongoing] deportation proceedings to order withholding of removal" (record citation omitted)); *Olola v. U.S. Att'y Gen.,* 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) (noting that "federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.").

And the Central District of California's decision in *ICWC,* 2026 WL 1455004, has no bearing on this Court's habeas decision. "[I]n habeas challenges to present physical confinement," "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v Padilla,* 542 U.S. 426, 435, 443; *see also Trump v. J.G.G.,* 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*). Petitioner filed his Petition while detained in the territorial jurisdiction of the Western District of Oklahoma, and there is no evidence he was ever confined in the Central District of California. *See generally* Doc. 1. So at no point was Petitioner—or his custodian at Diamondback Correctional Facility—subject to that court's jurisdiction. Without jurisdiction, no court in California can grant Petitioner habeas corpus relief.

For the reasons above, the undersigned concludes the Court does not have jurisdiction to enjoin Petitioner's removal from the United States. *See,*

5

*e.g., Sanchez v. Mullin*, No. CIV-26-547-R, 2026 WL 972899, at \*2 (W.D. Okla. Apr. 10, 2026) (recommending denial of petitioner's motion to enjoin transfer and temporary restraining order based on absence of jurisdiction), *adopted*, 2026 WL 1082495 (W.D. Okla. Apr. 20, 2026). Because Petitioner has failed to demonstrate a likelihood of success on the merits, the Court does not address the remaining elements for a temporary restraining order or preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23-24 (2008) (holding that "[a] proper consideration" of the balance of equities and public interest "alone requires denial of the requested injunctive relief" and, therefore, declining to address the likelihood of success on the merits); *see also Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) (declining to address every TRO factor because "the resolution of them will have no bearing on the outcome").

## II.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's motion for stay/TRO, Doc. 5, and deny his motion to expedite consideration, Doc. 6, as moot.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 7, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to

make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of July, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE