**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAIME RENE MARTINEZ SILVA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1773-R** |
| **MARKWAYNE MULLIN, et al.**[1]**,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jaime Rene Martinez Silva, a noncitizen[2] proceeding through counsel, filed this petition under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 3. Respondents filed a response, Doc. 14, and Petitioner replied. Doc. 15. So the matter is at issue.

---

[1] Fred Figueroa, Warden of Diamondback Correctional Facility, is not a federal officer and the response was not filed on his behalf. Doc. 14, at 1 n. 1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court deny the petition.

## I. Factual background.

Petitioner is a citizen of Mexico who last entered the United States in 2009. Doc. 1, at 4.

In 2006, Petitioner was charged as inadmissible and placed in removal proceedings. Doc. 1, at 6. Petitioner was then removed from the country. *Id.* His order of removal was reinstated when he was later intercepted at the border in 2007. *Id.* Following this removal, Petitioner reentered the United States.

On July 1, 2024, Petitioner submitted a Form I-360 as a Violence Against Women Act (VAWA) self-petitioning parent of a United States Citizen. Doc. 1, at 6. U.S. Customs and Immigration Service (USCIS) determined that Petitioner's VAWA self-petition stated a prima facie case. Doc. 1, at 7. USCIS renewed this determination three times. *Id.*; *see also* Doc. 15, Ex. 1 (USCIS renewed the prima facie determination through January 27, 2027). Petitioner has not received final adjudication of his VAWA self-petition. Doc. 1, at 7.

On or around July 11, 2026, Immigration and Customs Enforcement (ICE) detained Petitioner. *Id.* Following his detention, Petitioner applied for a Stay of Removal, which was denied. Doc. 14, Ex. 4. At the time of filing,

Petitioner was detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* Petitioner remains in detention but has since been transferred to another facility. *See* Doc. 17.

## II. Petitioner's claims.

Petitioner presents five claims for relief: 1) violations of the Administrative Procedure Act (APA); 2) violation of the *Accardi* doctrine, *United States ex rel. Accardi v. Shaughnessy*, which requires executive agencies to follow their own regulations; 3) arbitrary detention in violation of Fifth Amendment substantive due process; 4) violation of Fifth Amendment procedural due process; and 5) custody in violation of the Constitution and laws of the United States. Doc. 1, at 10-15. He requests immediate release, a declaration that his detention is unlawful, an order barring removal of Petitioner while his Form I-360 VAWA self-petition remains pending, and attorneys' fees and costs. *Id.* at 15.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is not eligible for habeas relief.

### A. Petitioner is detained under 8 U.S.C. § 1231.

Under 8 U.S.C. § 1231, when a noncitizen is ordered removed, the Attorney General generally must remove the noncitizen from the United States within a period of 90 days, beginning on the date the order of removal becomes final. *Nguyen v. Bondi*, 2025 WL 4114231 at *2 (W.D. Okla. Dec. 31, 2025). During this period, the government is permitted to detain the noncitizen pending his removal. 8 U.S.C. § 1231(a)(2). If the noncitizen has not been removed within 90 days, the government may nonetheless continue to detain him for a period that is "reasonably necessary" to accomplish his removal. *See id.*; *Zadvydas*, 533 U.S. at 699-701. But 8 U.S.C. § 1231 does not permit "indefinite detention," and there are limits to a noncitizen's post-removal order detention. 533 U.S. at 689. Six months' detention serves as a presumptively reasonable period following a noncitizen's removal order to allow the government to accomplish a noncitizen's removal. *Id*. at 699-701. "[A]fter the six-month period," a noncitizen may argue that there is not a significant

likelihood that he would be removed in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701; *Nguyen*, 2025 WL 4114231 at *2.

Here, the undersigned finds that Petitioner's detention falls under § 1231 and, at this point, his challenge to his detention is premature. Petitioner has a final order of removal from 2006. Doc. 1, at 6. On July 11, 2026, the Department of Homeland Security reinstated that order under § 1231(a)(5). Doc. 14, Ex. 3, at 4. Petitioner may challenge his detention under *Zadvydas*. But at the time of writing, Petitioner's detention spans just under three months. Petitioner cannot show that his detention currently exceeds *Zadvydas*'s six-month removal period. 533 U.S. at 689; *see also* C*ardozo Gonzalez v. Warden, Diamondback Corr. Fac.*, Case No. 26-1569, 2026 WL 2547360 (W.D. Okla., Aug. 28, 2026); *Nguyen*, 2025 WL 4114231 at *2-3.

Therefore, the Court should find that Petitioner's § 1231 confinement is presumptively reasonable under *Zadvydas*, and the Court should deny this aspect of the Petition without prejudice to any later challenge that may become available under such authorities.

**B. Petitioner is not entitled to relief under *ICWC*.**

Petitioner argues that *Immigration Ctr. For Women and Children v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("*ICWC")* establishes his right to relief. In *ICWC*, the court provisionally certified three classes of immigrants with

pending applications for victim-based immigration benefits and stayed the enforcement of a 2025 ICE policy. *Id.*, at 397. As this Court has determined in a previous ruling, Petitioner's status as an *ICWC* class member has no bearing on his petition.

> "'[I]n habeas challenges to present physical confinement,' 'jurisdiction lies in only one district: the district of confinement.' *Rumsfeld v[.] Padilla*, 542 U.S. 426, 435, 443; *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*). Petitioner filed his Petition while detained in the territorial jurisdiction of the Western District of Oklahoma, and there is no evidence he was ever confined in the Central District of California. *See generally* Doc. 1. So at no point was Petitioner—or his custodian at Diamondback Correctional Facility—subject to that court's jurisdiction. Without jurisdiction, no court in California can grant Petitioner habeas corpus relief."

Doc. 7 (Report and Recommendation denying Petitioner's motion for a temporary restraining order); *see also* Doc. 13 (Order adopting Doc. 7).

The undersigned recognizes that courts have reached differing conclusions about the effect of *ICWC* class membership in individual habeas cases. *See, e.g., Escobar Ramirez v. Mullin*, Case No. 26-3278, 2026 WL 2619875, at *2 (D. Kan. Sept. 4, 2026) (finding that, although *ICWC* class membership did not require release on its own, the government was required to follow the reinstated 2021 policy and failed to do so); *C.D. v. Blanche*, Case No. 26-cv-3566, 2026 WL 2588362 (D. Minn. Sept. 2, 2026) (declining to grant relief on the basis of *ICWC* class membership). While Respondents may

overstate their case by arguing that Petitioner would have no claim under the 2021 Policy, this Court should decline to order release based on *ICWC* class membership at this time. *See Rodrigues v. Lynch*, Case No. 26-cv-2319, 2026 WL 2520313, at *2 n.3 (W.D. Mich. Aug. 26, 2026) ("Litigation in [*ICWC*] remains ongoing, and the government recently filed an appeal to the . . . Ninth Circuit. Under these circumstances, at this time, this non-binding case does not present a basis for relief in this habeas action."); *Benitez-Martinez v. Blanche*, Case No. 26-cv-609, 2026 WL 2824542, at *2 (D. Idaho Sept. 21, 2026) ("*ICWC* is a preliminary, non-final order issued by another district court, and Petitioner identifies no authority establishing that the *ICWC* order independently entitles a class member to habeas relief in another district."); *Patricio-Morales v. Ducote*, Case No. 26-CV-877, 2026 WL 2086896, at *1 (W.D. La. Jul. 20, 2026) ("*ICWC* remains pending in another district and is presently in a preliminary posture. Accordingly, other courts have declined to grant preliminary injunctive relief to purported class members.").

**C. Petitioner's other arguments do not entitle him to habeas relief.**

Petitioner's *Accardi* claim is based on the applicability of *ICWC* to his claim and thus cannot proceed. Petitioner does not allege that ICE violated any current policy or regulation. Instead, Petitioner argues that ICE violated the 2011 and 2021 Policies which ICE rescinded in 2025 and *ICWC* purported to

reinstate for class members. Doc. 1, at 11-12. However, the undersigned declines to apply the preliminary order in *ICWC* to this habeas petition, so Petitioner's *Accardi* claim must fail.

As to Petitioner's APA claim, the undersigned finds the Court lacks jurisdiction to consider it in this habeas proceeding. The APA does not supply an independent vehicle to challenge the fact or duration of immigration detention. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); 5 U.S.C. § 701(a); *Garcia Y Garcia v. Mullin*, Case No. CIV-26-1053, 2026 WL 2059992 at *2 (W.D. Okla. Jul. 16, 2026) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)). Therefore, because Petitioner is subject to mandatory detention under 8 U.S.C. § 1231, this Court cannot grant Petitioner habeas relief at this time.

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court DENY Petitioner's habeas petition. Adoption of this Report and Recommendation will moot any pending motions.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 27, 2026 in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both

factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 6th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE